UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TANNER WRIGHT, d/b/a WRIGHT RENTALS, LLC., <br><br> Plaintiff, <br><br> v. <br><br> ACCEPTANCE INDEMNITY INSURANCE COMPANY; and SCOTT WATSON INSURANCE, LLC., <br><br> Defendants. | Case No. CIV-25-921-R |

## ORDER

Before the Court is Plaintiff's Motion to Remand [Doc. No. 15]. The motion is fully briefed [Doc. Nos. 19, 20] and at issue.

## PROCEDURAL BACKGROUND

This action arises out of Defendant Acceptance Indemnity Insurance Company's denial of payment for damage to Plaintiff's property allegedly caused by a hailstorm. Plaintiff initiated this action[1] in the District Court of Comanche County, asserting claims against AIIC for breach of contract and breach of the duty of good faith and fair dealing. Plaintiff also asserted a claim for misrepresentation against Defendants Scott Watson and Scott Watson Insurance, LLC, the local agency that procured an AIIC insurance policy for Plaintiff. AIIC removed the action to this Court on the basis of diversity jurisdiction under

---

[1] In accordance with this District's nomenclature, the Petition, Doc. No. 1-1, which is the operative pleading, will be called the Complaint.

28 U.S.C. § 1332 [Doc. No. 1]. Although AIIC concedes that Watson is a non-diverse defendant, it contends that the agency was fraudulently joined and its citizenship may therefore be disregarded for purposes of establishing diversity jurisdiction. Plaintiff moves to remand the action, arguing AIIC has not met its heavy burden of showing Watson is a fraudulently joined defendant.

## STANDARD OF DECISION

The standard for establishing that a defendant has been fraudulently joined is a difficult one. "'[T]he removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)). This standard "is more exacting than that for dismissing a claim under FED. R. CIV. P. 12(b)(6)" and requires all factual disputes and all ambiguities in the controlling law to be resolved in the plaintiff's favor. *Montano v. Allstate Indem.*, 2000 WL 525592, at *1-2 (10th Cir. 2000) (unpublished);[2] *see also Dutcher*, 733 F.3d at 988. "[R]emand is required if any one of the claims against the non-diverse defendant . . . is possibly viable." *Montano*, 2000 WL 525592, at *2.

The first prong—actual fraud in the pleading of jurisdictional facts—"basically requires a showing that plaintiff lied in the pleadings." *Sanelli v. Farmers Ins. Co.*, No. CIV-23-263-SLP, 2023 WL 3775177, at *2 (W.D. Okla. June 2, 2023) (quotation omitted).

---

[2] Unpublished decisions are cited for their persuasive value. *See* FED. R. APP. P. 32.1.

The second prong requires showing "that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court." *Montano*, 2000 WL 525592, at *2 (quotation omitted) (alterations in original).

Although the fraudulent joinder standard presents a "high hurdle," *Dutcher*, 733 F.3d at 989, it is not an insurmountable one. Where a defendant's "non-liability is . . . established as both a matter of fact and law," the defendant's joinder is fraudulent and remand is appropriately refused. *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). Further, "it is well settled that upon allegations of fraudulent joinder designed to prevent removal, federal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal." *Smoot v. Chi., Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) (citations omitted). But courts must be careful not to "pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Id.*

## DISCUSSION

### A. Plaintiff's Allegations

Plaintiff's claims are premised on what he describes as a "pattern of unreasonable claim handling" by AIIC to "avoid its clear payment obligations." Compl., ¶¶ 15-16. This pattern allegedly begins with Scott Watson Insurance, LLC procuring an AIIC insurance policy for Plaintiff. *Id.* ¶¶ 8, 20.

After the Policy was procured, one of Plaintiff's rental properties was "significantly damaged by a hailstorm" on November 8, 2024. *Id.* ¶ 9. That storm caused holes in the

roof, which subsequent heavy rain worsened, leading to a collapsed ceiling and buckled floor. *Id.* ¶ 10. On or around December 23, 2024, after Plaintiff's tenant informed Plaintiff of the storm damage, Plaintiff contacted Watson regarding that damage. *Id.* ¶ 11. On or around January 2, 2025, Plaintiff submitted a claim to AIIC for hail damage. *Id.* ¶ 12. After sending an adjuster to assess the property damage on or around January 3, 2025, AIIC sent Plaintiff a partial denial letter on January 23, 2023. *Id.* ¶¶ 13-14. The letter stated the "widespread leaks were not caused by the covered hail event" but rather "general 'wear and tear' and 'inadequate maintenance' of Plaintiff's roof." *Id.* ¶ 14. AIIC cited a policy exclusion for "'continuous or repeated seepage or leakage' lasting more than 14 days" to deny coverage for the property's interior damage and concluded the cost of repairing the hail damage was less than the hail deductible and thus no payment was owed on the claim. *Id.*

    Based on these allegations, Plaintiff asserts a claim against Watson for constructive fraud/negligent misrepresentation. Specifically, Plaintiff alleges Watson represented (1) "that if a covered peril like hail damaged his roof, the Policy would cover all resulting damages, including any subsequent interior water intrusion" and (2) "that Plaintiff's property was in good condition and there were no preexisting conditions that would limit coverage or otherwise result in a future denial" of coverage. *Id.* ¶ 20. Furthermore, Watson failed to disclose that AIIC might deny coverage for interior water damage by "characterizing it as 'continuous or repeated seepage' or by arguing that an excluded cause like 'inadequate maintenance' contributed to the loss." *Id.* Finally, Plaintiff asserts "Watson was required to ensure Plaintiff's property satisfied AIIC's underwriting

4

requirements, which included confirming the insurable condition of the property's roof." *Id.* Plaintiff further claims that because of these representations, "both Defendants gained an advantage by misleading Plaintiff to his prejudice" and that the misrepresentations induced Plaintiff to renew the Policy. *Id.* ¶¶ 38-40.

### B. Fraudulent Joinder Analysis

AIIC contends that Plaintiff cannot establish a cause of action for negligent misrepresentation/constructive fraud against Watson based on these allegations.

Oklahoma law provides that constructive fraud consists of "any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him." OKLA. STAT. tit. 15, § 59.

Plaintiff has alleged Defendant Watson made affirmative representations regarding the condition of his property and the comprehensive protection the Policy would allegedly provide for his property. Compl., ¶ 20. Although "Oklahoma law does not impose an affirmative duty upon insurance agents to advise their clients of the nature and character of the insurance procured, if an agent does advise its client, it has a duty to speak truthfully." *Steinkamp v. State Farm Fire & Cas. Co.*, No. CIV-22-00047-PRW, 2023 WL 11920886, at *3 (W.D. Okla. Sept. 29, 2023). Though initially Watson may not have had a duty to make representations regarding Plaintiff's property or Policy, once he did so, he had a duty to speak truthfully. *South Sooner Holdings, LLC. v. Travelers Indem. Co. of Am.*, No. CIV-21-179-PRW, 2022 WL 17831395, at *2 (E.D. Okla. Dec. 21, 2022). Furthermore, Plaintiff has alleged Watson's statements misrepresented the nature and character of the Policy and

5

that Defendants gained an advantage through Watson's misrepresentations, which induced Plaintiff to renew the Policy to his detriment.

Defendant AIIC disputes Plaintiff's factual contentions and Plaintiff's ability to establish a cause of action for constructive fraud with a declaration from Scott Watson denying that he made the representations alleged in Plaintiff's Complaint [Doc. No. 19-1]. Plaintiff has also put forth a declaration stating that (1) Plaintiff made it clear to Watson that the most important covered losses were the "roof, storms, fire, and wind" and (2) Watson made representations to him regarding his property's condition and the Policy's coverage [Doc. No. 20-1].

The Court is not "compelled to believe whatever the plaintiff says in his complaint" when assessing whether there has been a fraudulent joinder. *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013). But neither may the Court "pre-try, as a matter of course, doubtful issues of fact to determine removability." *Smoot*, 378 F.2d at 882. As Judge Wyrick explained in a similar case,

> In this posture, the Court may not pre-try the underlying issues. Rather, all factual and legal questions must be resolved in favor of Plaintiff. Here, open questions remain regarding the scope of [the agent's] role in upkeep and renewal of the policy, whether Plaintiff requested or was promised more extensive coverage than she received, the precise duties that may be imposed on insurance agents under Oklahoma law, and more.

*Stacy v. State Farm Fire & Cas. Co.*, No. CIV-22-00883-PRW, 2023 WL 11915451, at *2 (W.D. Okla. Dec. 29, 2023).

The competing declarations and the allegations merely create a factual issue as to what representations, if any, were made by Watson to Plaintiff—an issue the Court will

not pre-try. *See Harris v. State Farm Fire & Cas. Co.*, No. CIV-24-149-D, 2024 WL 1957315, at *2 (W.D. Okla. May 3, 2024) (remanding the case where the parties submitted declarations regarding the agent's alleged representations, creating a factual issue which the court construed in favor of plaintiffs).[3]

Although the question is close, given the allegations and competing affidavits, Plaintiff's assertions that Watson made affirmative misrepresentations, and the heavy burden of proving fraudulent joinder, the Court is unable to conclude that Plaintiff has no possibly viable cause of action against Watson for constructive fraud or negligent misrepresentation and remand is therefore appropriate.

### C. Plaintiff Is Not Entitled to Fees and Costs.

Plaintiff requests an award of attorney fees. When remanding a case, the Court may order the removing party to pay just costs and actual expenses, including attorney fees, incurred as a result of removal. 28 U.S.C. § 1447(c). "No showing of bad faith is necessary to justify the award. 'What *is* required to award fees, however, is a showing that the removal was improper *ab initio*.'" *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005) (quoting *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997)). However, "absent unusual circumstances, attorney[] fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Cap.*

---

[3] To the extent Defendant AIIC contends Plaintiff is attempting to avoid the Court's jurisdiction by alleging inaccurate or implausible facts, the Court reiterates that this only creates a factual issue, especially in light of the competing declarations and the heavy burden of fraudulent joinder.

*Corp.*, 546 U.S. 132, 136 (2005). Given the significant amounts of litigation on this issue, and the oftentimes narrow distinctions made by the various courts when determining whether removal is proper, the Court finds Plaintiff is not entitled to an award of attorney fees. Though AIIC failed to establish fraudulent joinder, the record presented shows an objectively reasonable basis for removal exists and Plaintiff has failed to demonstrate "unusual circumstances" which warrant an award of attorney fees.

## CONCLUSION

Accordingly, Plaintiff's Motion to Remand [Doc. No. 15] is GRANTED and this action is REMANDED to the District Court of Comanche County.

IT IS SO ORDERED this 31st day of October, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE